# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 20-0082V
(not to be published)

| | |
|---|---|
| LAURIE A. SUTHERLAND, | Chief Special Master Corcoran |
| Petitioner, | |
| v. | Filed: October 7, 2021 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit (SPU); Attorney's Fees and Costs |
| Respondent. | |

*Joshua Michael Gillette, Robert E. Lahm PLLC, Syracuse, NY, for Petitioner.*

*Camille Michelle Collett, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 24, 2020, Laurie Sutherland filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered brachial neuritis/Parsonage-Turner Syndrome resulting from a Tdap vaccination received on May 14, 2018. (Petition at 1). On July 27, 2021, a decision was issued awarding compensation to Petitioner based on the parties' stipulation.  (ECF No. 34).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated August 17, 2021 (ECF No. 40), requesting a total award of $26,994.04 (representing $25,183.00 in fees and $1,811.04 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 38). Respondent reacted to the motion on September 2, 2021, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. (ECF No. 43). Petitioner did not file a reply thereafter.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees to be awarded appropriate for the reason listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests the following rates for her attorney, Joshua M. Gillette: $365 per hour for time billed in 2018; $385 per hour for time billed in 2019; $395 per hour for time billed in 2020; and $405 per hour for time billed in 2021. (ECF No. 40-2 at 2-11). Mr. Gillette has been a licensed attorney since 2008, placing him in the range of attorneys with 8 – 10 years experience for 2018, and for 2019 – 2021 the range of attorneys with 11-19 years' experience, based on the OSM Attorneys' Forum Hourly Rate Schedule.[3] (ECF No. 40-1 at 1).

As this is Mr. Gillette's first case in the Program, however, it cannot be said that he possesses demonstrated Vaccine Act experience. It is therefore improper for him to receive rates established for comparably-experienced counsel who *also* have lengthy experience in the Program. *See McCulloch v. Health and Human Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

Accordingly, I find it reasonable to reduce the requested rates for Mr. Gillette to the following rates: $325 per hour for 2018; $340 per hour for 2019; $350 per hour for 2020; and $375 per hour for 2021. This reduces the requested amount to be awarded in fees by **$2,396.00**.[4]

## ATTORNEY COSTS

Petitioner requests $1,811.04 in overall costs. (ECF No. 40 at 2). This amount is comprised of obtaining medical records, copy charges, and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable. However, Petitioner has only provided supporting documentation for $1,275.37 in costs totaling $1,275.37. (ECF No. 44). Because the total amount of requested costs was not substantiated, I am required to reduce Petitioner's award. Total costs to be awarded are thus reduced by the sum of **$535.67**.

---

[3] The of the OSM Attorneys' Forum Hourly Rate Schedules and are available on the U.S. Court of Federal Claims website at www.cofc.uscourts.gov/node/2914.

[4] This amount consists of: ($365 - $325 = $40 x 5 hrs = $200.00) + ($385 - $340 = $45 x 19.7 hrs = $886.50) + ($395 - $350 = $45 x 23.5 hrs = $1,057.50) + ($405 - $375 = $30 x 8.4 hrs = $252.00) = $2,396.00.

**CONCLUSION**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$24,062.37** (representing $22,787.00 in fees and $1,275.37 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

4